IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMERIS BANK, as assignee of )
the Federal Deposit Insurance )
Corporation, receiver of )
Darby Bank and Trust Co., )
)
    Plaintiff, )
)
v. ) CASE NO. CV413-241
)
LEXINGTON INSURANCE COMPANY, )
)
    Defendant and Third- )
    Party Plaintiff, )
)
v. )
)
COASTAL BIOFUELS, INC., )
)
    Third-Party Defendant. )
_____)

## O R D E R

Before the Court are Defendant Lexington Insurance Company's ("Lexington") Motion to Exclude Opinion Testimony of Plaintiff's Expert Witness (Doc. 44), Motion to Strike Supplemental Report of Plaintiff's Expert Witness (Doc. 62), and Motion to Strike Sur-Reply of Ameris Bank (Doc. 74), and Defendant Coastal Biofuels, Inc.'s Motion for Summary Judgment (Doc. 46). The Court recently disposed of Plaintiff Ameris Bank's claims against Defendant Lexington. (Doc. 82.) Accordingly, Defendant Lexington's motions (Doc. 44; Doc. 62; Doc. 74) are **DISMISSED AS MOOT**.

With respect to Defendant Lexington's third-party complaint,[1] Defendant Coastal has filed a Motion for Summary Judgment. (Doc. 46.) However, this motion was filed long before the Court ruled on Plaintiff's claims against Defendant Lexington. Because Lexington's liability has now been established, the Court feels it prudent to permit Defendants Coastal and Lexington to file any supplemental briefing concerning Defendant Lexington's right to indemnity.

Accordingly, Defendants shall have thirty days from the date of this order to supplement their briefing with respect to Defendant Coastal's Motion for Summary Judgment. In the interim, the Court will **HOLD IN ABEYANCE** Defendant Coastal's motion until it has had the benefit of any supplemental briefing the parties may file. The Clerk of Court is **DIRECTED** to administratively terminate Defendant Coastal's Motion for Summary Judgment for statistical purposes only.

SO ORDERED this 30th day of September 2015.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] While not entirely clear from its third-party complaint, Defendant Lexington's claim against Defendant Coastal appears to be one for indemnity based on Defendant Coastal's wrongful conversion of the insurance proceeds. The third-party complaint does not list any substantive count, only that Defendant Lexington is entitled to indemnification from Defendant Coastal, who allegedly "converted the insurance proceeds paid to them by Lexington to their own use." (Doc. 17 ¶ 9; accord. id. ¶ 11.)